# SACK & SACK, LLP

ATTORNEYS-AT-LAW
70 EAST 55TH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

June 28, 2016

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Megan Messina v. Bank of America Corporation, et al.**
    **Case Number: 1:16-cv-3653 (LGS)**

Dear Judge Schofield:

Consistent with Your Honor's Order, entered May 31, 2016, the undersigned counsel for the parties submit this joint letter providing Your Honor with information relating to the seven categories of information outlined in that Order. In addition, enclosed please find a copy of the parties' joint proposed Civil Case Management Plan and Scheduling Order.

1. **Statement of the Nature of the Case**

*Plaintiff's Statement:* Plaintiff, Megan Messina, was a senior female fixed-income banker at BofA who suffered gender disparities primarily in respect of her compensation and business opportunities at BofA. Furthermore, in February 2015, when she assumed her role as Co-Head of Global Structured Credit Products and began reporting to Frank Kotsen, Head of Global Credit and Special Situations, she was outwardly treated differently because she was a woman. Consistent with this treatment, and the chauvinistic culture fostered at BofA, Ms. Messina was significantly underpaid as compared to similarly situated male coworkers.

BofA's discriminatory animus towards Ms. Messina because she is a woman has resulted in diminished commercial opportunities, marginalization, being excluded from business functions, meetings and information, diminished credit for her efforts, being paid grotesquely lower than, and disparately from, her similarly situated male peers.

To remedy the gender discrimination and redress the damage Ms. Messina has suffered in both professional opportunities and in compensation, Ms. Messina has brought claims under State and City Human Rights Laws, inclusive of the Equal Pay Act. Moreover, once Ms. Messina receives a Notice of Right to Sue from the Equal Employment Opportunity Commission, where she has filed these allegations to assert Federal claims, Ms. Messina intends to amend her complaint to include Title VII and Federal Equal Pay Act violations.

In addition to damages Ms. Messina suffered as a consequence of BofA's unlawful gender

**SACK & SACK, LLP**

The Honorable Lorna G. Schofield
June 28, 2016
Page 2

discrimination, Ms. Messina alleges that BofA retaliated against her in violation of both Section 806 of the Sarbanes-Oxley Act of 2002 ("*SOX*") and the protective whistleblower provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6, Section 922(h) ("*Dodd-Frank*").[1]  Specifically, Ms. Messina was retaliated against for her good faith and bona fide complaints concerning unethical and unlawful actions undertaken by BofA employees, which complaints were blown off, ignored and disregarded by BofA's senior management, compliance and legal divisions.  The retaliation suffered by Ms. Messina includes her unjustified and unwarranted suspension from her workplace, which took place immediately after and in close proximity in time to her complaints as a whistleblower.  Despite pleas to return to work, Ms. Messina inexplicably remains out of work on leave.

Ms. Messina seeks redress for these damages under the Federal whistleblower protection statutes of SOX and Dodd-Frank.

***Defendants' Statement:***  This dispute arose in late April and early May of this year when Plaintiff, through counsel, made allegations of discrimination and gender-based pay disparity for the first time.  Though Plaintiff met with a senior manager and a Human Resources representative a handful of times between late February and late April, she never framed any of her concerns as gender discrimination. Instead, Plaintiff expressed dissatisfaction with her supervisor, and said that she was "stressed" by her job, "had nothing left," and wanted time to look for other opportunities.  In light of Plaintiff's stated personal concerns, the Bank began working to provide her with paid time out of the office to begin her search.  It was only after receiving a proposed separation package containing terms that she had previously indicated would be acceptable that Plaintiff, through counsel, made claims of discrimination.

Plaintiff's legal claims are without merit.[2]  Defendants specifically deny that Plaintiff has suffered discrimination and pay disparity because of her gender.  Defendants deny the existence of a "chauvinistic culture" and specifically deny the existence of a "bros club," a term invented by Plaintiff or her counsel for the first time in this action. Moreover, Plaintiff was paid commensurate with her performance and productivity. Defendants deny that Plaintiff was retaliated against for reporting or objecting to alleged discrimination.

---

[1] On or around June 27, 2016, the parties entered a stipulation whereby Plaintiff would amend her complaint to withdraw her SOX claims without prejudice since OSHA's investigation into Ms. Messina's claims are still ongoing.  Once that investigation concludes, Ms. Messina intends to add the SOX claim to the current matter.  Nonetheless, the SOX claim and the Dodd-Frank claim arise from a common nucleus of operative facts.

[2] Defendants have not filed an answer because they have not been served with the summons and complaint.  However, the parties have now stipulated to the filing and service of Plaintiff's Second Amended Complaint, and Defendants have agreed to waive formal service of the summons and complaint.  As agreed, Defendants shall have to and including July 8, 2016, to answer, move, or otherwise respond to the Second Amended Complaint.  Defendants expressly preserve all other defenses and objections.

**SACK & SACK, LLP**

The Honorable Lorna G. Schofield
June 28, 2016
Page 3

Defendants also deny that Plaintiff engaged in whistleblowing as defined under the laws alleged, or that she was retaliated against for doing so. Plaintiff never utilized the many channels for expressing concerns about business practices to the legal or compliance departments prior to attempting to negotiate a separation package with Defendants. Defendants commenced a good faith investigation of Plaintiff's allegations immediately after they were received and that investigation is ongoing. So far, however, none of Plaintiff's allegations have been substantiated. For example, where Plaintiff alleges "front running," Defendants have learned that there was no order for the securities at issue from Defendants' client and no purchase of the securities by Defendants. Defendants also note that Plaintiff has eliminated the allegations concerning certain trading activities in her Second Amended Complaint.

Based upon the foregoing, the factual and legal issues most important to resolving this matter are whether Plaintiff was treated differently than similarly situated male employees (including with respect to pay) because of her gender, whether the compensation policies and/or practices Plaintiff complains of were implemented for legitimate business reasons and/or were based on factors other than gender, whether Plaintiff engaged in any protected activity under the statutes upon which she relies, whether Plaintiff can establish a causal link between any alleged protected activity and any alleged adverse action, and whether Defendants would have taken the same actions with respect to Plaintiff regardless of any alleged protected activity.

2. **Statement as to the Basis of Subject Matter Jurisdiction and Venue**

Plaintiff asserts that subject matter jurisdiction and venue is present in this case, founded on Federal question pursuant to 28 U.S.C. § 1331 and 1343, respectively, and 15 U.S.C. § 78u-6(h)(l)(B)(i). This court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to Plaintiff s federal claims that they form a part of the same case or controversy between the parties under Article III of the United States Constitution. Defendants do not dispute that the Court has subject matter jurisdiction over the claims asserted.

Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District of New York. Defendants do not dispute that venue in the Southern District of New York is proper in this case.

3. **Description of Outstanding and Intended Motions and Applications**

The parties intend to submit to the Court a proposed stipulation and protective order governing the use of confidential materials exchanged during discovery in this matter.

Defendants also will apply to the Court for an order redacting and sealing portions of Plaintiff's complaint (and its various iterations) because of her unnecessary and improper public disclosure of (1) sensitive, confidential, and/or inaccurate compensation information of numerous non-party employees of Defendants; (2) confidential, commercially sensitive, and/or

**SACK & SACK, LLP**

The Honorable Lorna G. Schofield
June 28, 2016
Page 4

inaccurate information regarding Defendants' third-party clients; and (3) inadmissible settlement communications between counsel.  As a result, Defendants will seek to redact and seal portions of their answer responding to the offending allegations.  Defendants may also move to strike extraneous matters contained within Plaintiff's complaint.  Defendants also reserve the right to move for summary judgment at the conclusion of fact discovery as to all of Plaintiff's claims.

4. **Description of Discovery That Has Taken Place or Is Likely to be Admissible and Material to Proof of Claims or Defenses**

No discovery has taken place at this time.  Plaintiff believes that information concerning the pay disparities described in the Complaint, as well as the unlawful activities reported by Plaintiff described in the Complaint and Plaintiff's performance and the performance of her similarly situated Co-Head is admissible under the Federal Rules of Evidence and will be material to proof of claims and defenses raised in the pleadings.  In the absence of further discovery and the exchange of initial disclosures, Plaintiff believes it is premature to speculate about further discovery that may be material to proof of its claims and defenses.

Defendants anticipate that evidence admissible under the Federal Rules of Evidence will include certain personnel records and employment-related evidence, compensation records, emails and other records of communications of Plaintiff, her managers, Human Resources, and other the relevant decision makers of Defendants.  Defendants reserve all of their rights and available objections under the Federal Rules of Civil Procedure.

5. **Computation of Damages Claimed**

*Plaintiff's Statement:* In respect of the wrongful and unlawful acts committed by BofA against her, Ms. Messina, seeks the following damages:

**Discrimination / Retaliation Damages**.  Actual damages in respect of loss of wages, promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary (and salary increases) and benefits had her employment not been interfered with, including all to be earned salary and bonuses, fringe benefits, deferred compensation, loss of promotional opportunities; loss of pension benefits, retirement benefits and 401(k) savings "match" contributions; and other employment benefits, attorney's fees and prejudgment interest at no less than 9%.  At this juncture, Plaintiff estimates those damages to include the following:

**Back Pay (Disparate Pay True-Up)** - $8,250,000, which equals the disparity in pay of $2,750,000 per year for three (3) years;

**Reinstatement** – Ms. Messina seeks to be reinstated to her current position, provided BofA makes her whole for the disparate pay and remedies the discriminatory conduct described in the Complaint.

**Current Pay** - $6,000,000, which represents the target letters all similarly situated male

**SACK & SACK, LLP**

The Honorable Lorna G. Schofield
June 28, 2016
Page 5

employees received in respect of this year, but was not provided to Ms. Messina.

**Front Pay** – If Ms. Messina is not reinstated, she seeks front-pay compensatory damages stemming from the discriminatory and retaliatory acts undertaken by BofA. At this juncture, Ms. Messina is unable to calculate these exact damages.

**Additional Whistleblower Damages** – Ms. Messina is entitled to "double back pay" under applicable whistleblower statutes.

**Reputational Damage** – Ms. Messina is entitled to damages resulting from BofA's wrongful and unwarranted suspension and the adverse affect it had, and continues to have, on her professional reputation.

**Emotional Pain and Suffering** – Ms. Messina seeks damages for emotional pain and suffering stemming from the unlawful acts undertaken by BofA against Ms. Messina;

**Attorneys' Fees, Interest and Costs** – Ms. Messina seeks recovery of statutory attorneys' fees; interest and costs;

**Punitive Damages** – Ms. Messina seeks punitive damages, to be determined in accordance with the proof adduced at trial; and

**Other Damages** – Ms. Messina seeks such other and further relief that the Court may deem just and proper.

***Defendants' Statement:*** Defendants deny any violations of the laws as alleged and deny that Plaintiff is entitled to any of the relief sought above, including reinstatement because Plaintiff is a current employee. In addition, Defendants object to Plaintiff's continued reference to confidential and/or inaccurate compensation information of non-party employees of Defendants.

**6.      Status of Settlement Discussions**

The parties engaged in preliminary pre-litigation settlement discussions. The parties are amenable to participating in private mediation.

**7.      Other Information Useful in Resolving the Action**

The parties have no additional information to submit to the Court at this time.

**SACK & SACK, LLP**
The Honorable Lorna G. Schofield
June 28, 2016
Page 6

Respectfully submitted,

| SACK & SACK, LLP | PROSKAUER ROSE LLP |
|---|---|
| By: /s/ Jonathan Sack | By: /s/ Joseph Baumgarten |
| Jonathan Sack | Joseph Baumgarten |
| 70 East 55th Street, 10th Floor | Gregory J. Couillou |
| New York, New York 10022 | Eleven Times Square |
| (212) 702-9000 | New York, New York 10036 |
| *jsack@sackandsack.com* | (212) 969-3000 |
| *Attorneys for Plaintiff* | *jbaumgarten@proskauer.com* |
| | *gcouillou@proskauer.com* |
| | *Attorneys for Defendants* |

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
MEGAN MESSINA,

        Plaintiff,

    -v-

BANK OF AMERICA CORPORATION,
BANK OF AMERICA SECURITIES, LLC,
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED,

        Defendants.
------------------------------------------------------------------- X

16 Civ. 03653 (LGS)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.  The parties **have conferred** pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

  a. An employment case governed by the Initial Discovery Protocols for Employment cases?  **Yes**.

  b. A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York?  **No.**

  c. A patent case subject to the Local Patent Rules?  **No.**

4.  Alternative Dispute Resolution/Settlement

  a. Settlement discussions **have** taken place.

  b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:  **The parties have discussed an informal exchange of information in aid of early settlement but have not yet agreed on the parameters of such a production.**

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: **The parties agree to engage in private mediation.**

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **The parties propose that the above-referenced alternate dispute resolution mechanism be employed within 60 days from the date of this Order.**

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after **30 days from the service of the Answer** without leave of Court.

6.    Amended pleadings may be filed without leave of Court until until **30 days from the service of the Answer**.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14 days** from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than **120 days from the July 5, 2016 initial pretrial conference**. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **July 26, 2016**.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **July 26, 2016**.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **October 14, 2016**.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **November 1, 2016**.

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.  Expert Discovery [if applicable]

    a.  Anticipated types of experts if any: **Plaintiff anticipates the need for a compensation expert. Defendants reserve their right to call rebuttal witnesses and other witnesses in accordance with the Federal Rules of Civil Procedure, local rules, and this Court's individual practices.**

    b.  All expert discovery shall be completed no later than **December 20, 2016**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> unless types of experts are identified.

    c.  By **October 4, 2016** *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. This case **is** to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is **5 days**.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

13. Status Letters and Conferences

    a.  By **September 26, 2016** *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

    b.  By **November 16, 2016** *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.  On **November 22, 2016 at 11:00 A.M.** *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

        i.  A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

3

        ii.        If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial.  The trial date will be firm.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
New York, New York

                                                  LORNA G. SCHOFIELD
                                                United States District Judge

Counsel for the Parties:

_____      _____

_____      _____

_____      _____